[723 NYS2d 674]

In the Matter of ANDREW G. MALONEY (Admitted as ANDREW GERALD EARDLEY MALONEY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 16, 2001

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Gloria A. Bunze* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing 75 charges of professional misconduct. Charges 43, 71, 74, and 75 were withdrawn during the course of the disciplinary proceeding, and Charges 7, 13, 14, 17, 18, and 20 through 23 were amended before the hearing. In his answer, the respondent admitted most of the factual allegations of the petition, but denied that he was guilty of any professional misconduct. At the hearing, the Grievance Committee's case consisted of 48 exhibits and the testimony of two witnesses. The respondent called three character witnesses and testified on his own behalf. In addition, he introduced one exhibit into evidence and submitted 12 character affidavits. At the conclusion of the hearing, the Special Referee sustained all of the remaining charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to confirm, in part, and disaffirm, in part, the Special Referee's report.

Charges 2, 19, 32, 34, 37, 40, and 50 allege that the respondent breached his fiduciary duty by making withdrawals from an escrow account to cash and not to a named payee, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

Charge 4 alleges that the respondent entered into an improper business relationship with a client, in violation of Code of Professional Responsibility DR 5-104 (a) (22 NYCRR 1200.23 [a]), and/or engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 7 alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by breaching his agreement to repay, upon request, a loan from a client's escrow funds.

Charge 9 alleges that the respondent breached his fiduciary duty by failing to maintain and/or produce required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (d) (1), (2) and (9) (22 NYCRR 1200.46 [d] [1], [2], [9]).

Charges 12, 39, 42, 52, 65, and 66 allege that the respondent failed to maintain a duly-constituted escrow account by commingling an earned fee or personal funds with the funds of clients and/or others, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Charges 13, 17, 31, 36, 38, 46-49, 51, 53, 54, 56-59, 64, and 68 allege that the respondent breached his fiduciary duty by misappropriating client funds with which he was entrusted, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), and/or engaged in conduct conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges 8, 10, 16, and 25 through 30 allege that the respondent breached his fiduciary duty by disbursing an escrow check when he did not have funds on deposit to cover the check or before the corresponding deposit cleared, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), and/or engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges 41, 44, and 62 allege that the respondent breached his fiduciary duty by disbursing more funds than he had on deposit for a particular client, adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge 55 alleges that the respondent breached his fiduciary duty by transferring funds from one escrow account to another in order to cover a negative balance in the receiving account, which adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced at the hearing, including the respondent's admissions, we find that all of the foregoing charges are sustained. We also find that Charges 3, 24, 45, 63, 67, and 72 are sustained only insofar as they alleged that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The remaining charges are not sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider, *inter alia,* that the Special Referee made no finding of venality, characterized the respondent's misconduct as "mistakes," and was impressed with the respondent's Bar and community service activities (which are numerous). The respondent also asks the Court to consider that his clients were not harmed, that he was contrite, and that he expressed remorse for his misconduct.

The respondent's prior disciplinary history consists of a letter of admonition from the Westchester County Bar Association.

The respondent is guilty of serious professional misconduct that warrants his disbarment.

BRACKEN, P. J., O'BRIEN, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the Grievance Committee's motion to confirm and the respondent's cross motion to confirm, in part, and disaffirm, in part, the Special Referee's Report are determined as follows: Charges 3, 24, 45, 63, 67, and 72 are sustained only insofar as they allege violations of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]); Charges 1, 5, 6, 11, 14, 15, 18, 20 through 23, 33, 35, 60, 61, 69, 70, and 73 are not sustained; and the remaining charges are sustained; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Andrew G. Maloney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew G. Maloney is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.